COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| RICARDO RAMIREZ, | | No. 08-06-00248-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 168th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20060D01433) |
| | § | |

## O P I N I O N

Ricardo Ramirez appeals his conviction of possession of less than one gram of cocaine. A jury found Appellant guilty and assessed his punishment at a fine of $10,000 and imprisonment for a term of twenty years. Finding no error, we affirm.

## FACTUAL SUMMARY

On September 9, 2005, at approximately 1:00 a.m., Javier Garcia, a police office with the Socorro Police Department, was parked where he could observe a known drug house. Garcia knew from prior experience that drug transactions were made from the back window of the house. Garcia was parked in a dark area where his marked patrol unit could not be easily seen but he could observe activity at the residence because it was illuminated by a street light. He watched a black Jeep pull into the driveway of the house and then leave after staying only five to seven minutes. Based on his prior experience and observations of the residence, Garcia believed a drug transaction had just taken place and he followed the Jeep. He initiated a traffic stop after the driver disregarded a stop sign. Garcia quickly approached the Jeep and saw that the driver, subsequently identified as Appellant, was extremely nervous and was trying to hide something by tightly clenching his right hand over his

leg. His left hand was open and resting on his lap. Garcia asked Appellant what he had in his right hand and Appellant indicated he had nothing in his left hand. When he asked Appellant what he had in his right hand, Appellant placed something between the driver's seat and the console and said that he did not have anything. Garcia made Appellant exit the vehicle and he found a plastic bag containing less than one gram of cocaine between the driver's seat and console where he had seen Appellant hide the item which had been in his right hand. After being advised of his *Miranda* rights, Appellant gave a voluntary written statement admitting that he bought the cocaine from the residence Garcia had been watching.

## INEFFECTIVE ASSISTANCE

In Issues One and Two, Appellant asserts that he was denied the effective assistance of counsel at the punishment hearing of his trial because counsel failed to object to certain items of evidence. First, he alleges that his trial attorney failed to object to the admission of oral and written statements that he was a member of the Barrio Azteca gang because the statements were made in violation of Article 38.22 of the Code of Criminal Procedure and *Miranda v. Arizona*.[1] Second, Appellant maintains that counsel's performance was deficient because she failed to raise a hearsay objection to the admission of Appellant's jail records.

### *Standard of Review*

The standard for determining claims of ineffective assistance under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Jackson*, 877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Jackson*, 877 S.W.2d at 771.

When we review a claim of ineffective assistance, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy. *Jackson*, 877 S.W .2d at 771. In any case analyzing the effective assistance of counsel, we begin with the strong presumption that counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The defendant must rebut the presumption that the challenged conduct can be considered sound trial strategy. *Jackson*, 877 S.W .2d at 771. If the record is silent as to the facts, circumstances, and rationale behind an attorney's particular course of action, we are compelled to find that the defendant did not rebut the presumption that it was a reasonable one. *See Thompson*, 9 S.W.3d at 814.

### The Punishment Hearing Evidence

During the punishment hearing, the State presented evidence that Appellant admitted to Lieutenant James Nance of the El Paso Sheriff's Office that he was a member of the Barrio Azteca prison gang. The trial court overruled Appellant's objection that the State failed to disclose Lt. Nance as an expert witness because he had been disclosed as a fact witness and did not testify as an expert. Lt. Nance is employed at the El Paso Jail Annex and is in charge of the security threat intelligence unit. His duties include identifying prison gang members and monitoring their activity

during incarceration in the Jail Annex. One reason for identifying prison gang members is to prevent members of rival gangs from harming the individual. Lt. Nance was familiar with Appellant, who had indicated to him during the booking process in 1998 that he was a member of the Barrio Azteca gang. Appellant signed what is known as a self-admission form stating that he is a member of Barrio Azteca. Lt. Nance viewed three prison gangs as presenting the greatest security threat: Barrio Azteca, the Mexican Mafia, and the Texas Syndicate. Because Barrio Azteca presents the largest threat to security, they are separated from the general population. Lt. Nance photographed one of Appellant's tattoos which Appellant described as an Azteca tattoo. Lt. Nance had seen similar tattoos on other Barrio Azteca members.

State's Exhibit 15, Appellant's jail record for this 2006 offense,[2] was admitted without objection as a business record. State's Exhibit 15 contains an inmate classification sheet which reflects the charge on which Appellant was booked and a calculation of the risk Appellant presented to the facility. This calculation is made by considering different factors and assigning points. The factors include the offense, offense history, escape history, disciplinary and serious disciplinary points assessed, felony convictions, and whether the individual has a history of problems or assaultive behavior due to alcohol and drug abuse. State's Exhibit 15 contains documents reflecting Appellant's arrest, prosecution, and conviction history.

Detective Jeff Gibson of the El Paso Sheriff's Office is a detention officer whose duties include gang intelligence and security threat group intelligence. He had also gathered gang intelligence when he was a patrolman with the Sheriff's Office. Additionally, Detective Gibson had been assigned to a federal gang task force for almost seven years. Based on his education and experience, the trial court determined that Detective Gibson qualified as an expert on gangs.

---

[2] State's Exhibit 15 reflects that Appellant was also being held on a revocation proceeding.

Detective Gibson used established criteria to determine whether an individual is a gang member: self-admission, information from a reliable informant, information from a witness of unknown reliability with corroboration, evidence of association such as tattoos, and evidence of arrest in criminal association with other gang members. Detective Gibson looked at the photographic exhibits showing Appellant's tattoos and he concluded that one of them on the left side of Appellant's chest is Barrio Azteca symbiology. As a detention officer, Detective Gibson was familiar with the booking process during which an individual is asked at least three times whether he is a gang member. Detective Gibson reviewed the booking records, State's Exhibit 15, and testified that there are several notations in the file that Appellant is a member of the Barrio Azteca prison gang. Detective Gibson did not remember the circumstances of the conversation but he recalled that Appellant admitted that he was a Barrio Azteca member.

*No Evidence of Trial Strategy*

Appellant filed a motion for new trial asserting that the State had failed to give him notice of the documentary, photographic, and testimonial punishment evidence regarding his Barrio Azteca gang membership. His motion for new trial did not allege that trial counsel rendered ineffective assistance by failing to object to the admission of this evidence and he did not offer the testimony of trial counsel at the punishment hearing. Consequently, the record is silent with regard to counsel's reason for failing to make the objections Appellant claims he should have made. For this reason alone, the ineffective assistance of counsel claim fails. *See Thompson*, 9 S.W.3d at 813-14 (where record was silent as to reason trial counsel failed to object to the prosecutor's persistent attempts to elicit inadmissible hearsay, the appellant failed to rebut the presumption this was a reasonable decision; noting that it was possible given the artful questions employed by the prosecutor, that the appellant's counsel *at that moment* may have reasonably decided that the testimony was not

inadmissible and an objection was not appropriate). Even if we consider the merits of Appellant's arguments, we find that he has not carried his burden under *Strickland.*

*Appellant's Arguments*

Appellant first contends that trial counsel should have objected that his oral and written statements of gang membership were taken in violation of Article 38.22 and without a waiver of his *Miranda* rights. Article 38.22 and *Miranda* do not apply unless the accused's statement is the result of custodial interrogation. TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5 (Vernon 2005); *Dowthitt v. State*, 931 S.W.2d 244, 263 (Tex.Crim.App. 1996). Custodial interrogation occurs when a person in custody is subjected to direct questioning or its functional equivalent, which occurs when police officers engage in conduct that they know is likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980). Questioning "normally attendant to arrest and custody" is not interrogation. *McCambridge v. State*, 712 S.W.2d 499, 505 (Tex.Crim.App. 1986), *citing Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). Further, questions normally attendant to the administrative "booking" procedure do not constitute "interrogation" because they do not normally elicit incriminating responses. *Cross v. State*, 144 S.W.3d 521, 524 n.5 (Tex.Crim.App. 2004); *Cruse v. State*, 882 S.W.2d 50, 51-52 (Tex.App.--Houston [14th Dist.] 1994, no pet.)(interview of defendant by investigator for pretrial services department charged with acquiring basic information from arrestees in order to determine possibilities for pretrial release was not a custodial interrogation). This includes inquiries into a defendant's gang affiliation for purposes of jail classification and security where there is no evidence that the defendant's crime was gang-related. *Pierce v. State*, 234 S.W.3d 265, 271-72 (Tex.App.--Waco 2007, pet. ref'd)(defendant's admission of his former gang affiliation, made when defendant was going through jail's normal classification process, did not stem from

custodial interrogation, and thus, was admissible in punishment phase in murder prosecution; classification process was done to assign inmates to custody level, and gang affiliation was inquired into for safety purposes since gang activity occurred in jail, and thus, jail classification information sought from defendant was not designed to elicit incriminating response from defendant). The record does not show that the statements made to either Detective Gibson or Lt. Nance were in response to custodial interrogation. Appellant made the statement to Lt. Nance and signed the self-admission form as part of the normal booking process and there is nothing in the record establishing the statements were in response to a question designed to elicit an incriminating response. Detective Gibson could not recall the circumstances in which Appellant made the statement to him. The record does not reflect that Appellant's statements were subject to objections based on either Article 38.22 or *Miranda*. Consequently, counsel did not render deficient performance by failing to raise these objections.

Appellant offers three arguments regarding the admission of State's Exhibit 15, the jail record. First, he asserts that trial counsel failed to review the record before it was admitted. This assertion is contrary to the record. Trial counsel established during cross-examination that the witness had given the records to defense counsel to review that morning. Further, trial counsel indicated that she was familiar with the contents of State's Exhibit 15 by establishing that it contained admissions by Appellant that he had an addiction to heroin and he had never been arrested for engaging in organized criminal activity. Second, Appellant argues that trial counsel should have made a hearsay objection to admission of the jail record because it does not fall within the exception to the hearsay rule found in TEX.R.EVID. 803(8)(B). The jail record, State's Exhibit 15, was admitted pursuant to TEX.R.EVID. 803(6), not Rule 803(8)(B). Jail records have been held admissible under Rule 803(6). *See Jackson v. State*, 822 S.W.2d 18, 30-31 (Tex.Crim.App.

1990)(defendant's jail record, including numerous transfers to different cell blocks, including segregated cells, and reasons for some transfers, such as fighting and violating jail rules, was admissible as business record); *De La Paz v. State*, 901 S.W.2d 571, 584 (Tex.App.--El Paso 1995, pet. ref'd)(defendant's booking record was admissible under Rule 803(6)). Third, Appellant contends that the criminal history reflected in State's Exhibit 15 was not admissible under Rule 803(6). Even if Appellant is correct, the State properly introduced evidence showing Appellant's nineteen prior convictions. Counsel may have decided under the circumstances that it would have been futile to object to this portion of State's Exhibit 15 given the existence of admissible evidence to prove the prior convictions.

The criminal history in State's Exhibit 15 also includes arrests where a prosecution or conviction apparently did not follow. The record does not reflect why counsel failed to object to this portion of State's Exhibit 15. Even assuming that counsel had no valid trial strategy for failing to make a valid objection to the admission of the arrest history, Appellant has not shown that he was prejudiced as required by *Strickland*. Given the overwhelming evidence of guilt and Appellant's lengthy criminal history, we do not find that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. For these reasons, Appellant has failed to carry his burden of establishing ineffective assistance of counsel. We overrule Issues One and Two and affirm the judgment of the trial court.

May 20, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment

(Do Not Publish)